(No. 13153.—Judgment reversed.)

THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(HELEN LACEY, Defendant
in Error.)

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. WORKMEN'S COMPENSATION—*whether or not the deceased was
an employee must be determined from the situation in his lifetime.*
Whether or not a person is an "employee," as defined by section 5
of the Compensation act as amended in 1915, must be determined
from the situation existing during his lifetime.

2. SAME—*when member of fire department is not an employee.*
The fact that a city fireman, who died as the result of an accident
received while responding to an alarm, left no one surviving eligible
to receive a pension under the Firemen's Pension Fund act, does
not bring the deceased within the Compensation act, from which he
was expressly excluded by section 5 of said act during his lifetime.

CARTER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WIL-
LIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL,
of counsel,) for plaintiff in error.

VENT & WARFIELD, (THOMAS G. VENT, of counsel,)
for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted, by leave of court, to
review a judgment of the circuit court of Cook county af-
firming a decision of the Industrial Commission awarding
compensation to defendant in error for the accidental death
of her father, Martin Lacey.

Martin Lacey, deceased, was employed by the city of
Chicago as a battalion chief in its fire department. Novem-
ber 8, 1916, while responding to an alarm of fire deceased

met with an accident resulting in his death. At the time of his death his salary was $3000 per annum. During all of the time that deceased was a member of the fire department the city of Chicago maintained and distributed a pension fund in the manner provided by law, and the deceased contributed his full share to said pension fund. At the time of his death he left surviving him as his only heir-at-law and next of kin, his daughter, Helen Lacey, thirty-one years of age, whom he supported up to the time of his death and who was dependent upon him for support.

The only question presented for decision is whether or not deceased was an employee of the city of Chicago within the meaning of the Workmen's Compensation act as amended in 1915. Section 5 of the act provided: "The term 'employee' as used in this act shall be construed to mean: First—Every person in the service of the State, county, city, * * * under appointment or contract of hire, express or implied, oral or written, * * * except any employee thereof for whose accidental injury or death arising out of and in the course of his employment compensation or a pension shall be payable to him, his personal representative, beneficiaries or heirs, from any pension or benefit fund to which the State, or any county, city, * * * or municipal corporation therein contributes in whole or in part." (Laws of 1913, p. 340.) Section 5 of the Firemen's Pension Fund act provides for compensation to the fireman in case he becomes disabled, and section 7 provides for his compensation in case he is retired. Section 6 of said act provides: "If any fireman shall die from any cause while in the fire service or during retirement after twenty years' service, as hereinafter provided, and shall leave a widow, minor natural child or children under sixteen years of age, or dependent natural father or mother surviving, said board of trustees shall direct the payment from such pension fund of the following sums monthly." (Laws of 1915, p. 295.)

It will be seen, therefore, that under the provisions of section 5 of the Workmen's Compensation act the deceased would not have been, during his lifetime, entitled to receive compensation. Up until the very time of his death he was excepted from the provisions of the Compensation act because by the provisions of sections 5 and 7 of the Pension act he was entitled to compensation, and by the provisions of section 6 of the Pension act his widow or minor children were entitled to compensation. Until his death it was not possible to determine that he would not be survived by a widow or minor children, and so it was not possible to determine until after his death that he would not leave surviving him "beneficiaries or heirs" to whom a pension would be payable from a fund to which the city had contributed. Whether or not a person is an employee within the meaning of the Workmen's Compensation act must be determined from the situation existing during his lifetime. If during his lifetime deceased was not an employee of the city of Chicago within the meaning of the Workmen's Compensation act and not entitled to receive compensation under its terms he cannot become an employee after his death. The fact that deceased died leaving no one surviving entitled to receive a pension under the Firemen's Pension Fund act, could not, *ipso facto,* after his death bring the deceased within the provisions of the act from which he was excluded during his lifetime.

The award of the Industrial Commission was erroneous and should have been set aside by the circuit court. The judgment of the circuit court is therefore reversed and the award of the Industrial Commission set aside.

*Judgment reversed.*

Mr. JUSTICE CARTER, dissenting.